JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

15-cv-4894

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JESSICA BAEN and SARAH BROOK (spouses)

**(b)** County of Residence of First Listed Plaintiff Kings County, NY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
THE BARRIST FIRM - ADAM S. BARRIST, ESQ.; MATTHEW C. MONROE, ESQ; 1622 Spruce Street, Philadelphia, PA 19103

## DEFENDANTS

NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK and BRANDON BOSTIAN

County of Residence of First Listed Defendant District of Columbia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Landman, Corsi, Ballaine & Ford, PC
1617 JFK Blvd. Suite 955
Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28:1332 Diversity-Personal Injury

Brief description of cause:
Negligence, punitive damages and loss of consortium

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE Judge Legrome D. Davis DOCKET NUMBER 2:15-cv-02694

DATE 8/24/15

SIGNATURE OF ATTORNEY OF RECORD [signature]

AUG 27 2015

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

LDD

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 405 Church Ave. # 3, Brooklyn, NY 11218

15 4894

Address of Defendant: 60 Massachusetts Avenue, Washington D.C. 20002

Place of Accident, Incident or Transaction: Philadelphia, PA

(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☒ No☐

*RELATED CASE, IF ANY:*
Case Number: 2:15-cv-02694 Judge Legrome D. Davis Date Terminated: ____________

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☒ No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) ____________

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
(Please specify) Railway Personal Injury

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)

I, Matthew C. Monroe, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 8/31/15 [signature] Attorney-at-Law PA # 309758 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.** This case arises out of the same accident as other Amtrak cases before Judge Davis.

DATE: ____________ ____________ Attorney-at-Law ____________ Attorney I.D.#

CIV. 609 (5/2012)

AUG 27 2015



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

JESSICA BAEN and SARAH BROOK (spouses) : CIVIL ACTION

v. :

NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK et al. : NO. 15 4894

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| August 31, 2015 | Matthew C. Monroe, The Barrist Firm | [signature] |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiffs |
| 215.432.8829 | 267.546.0581 | mmonroe@barristfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

AUG 27 2015

#400

JD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**JESSICA BAEN and**
**SARAH BROOK (spouses)**
405 Church Avenue, No. 3
Brooklyn, NY 11218

Plaintiffs

v.

**NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK**
60 Massachusetts Avenue
Washington D.C. 20002,

and

**BRANDON BOSTIAN**
10920 71st Road, Apt. 5J
Forest Hills, New York 11375

Defendants.

**CIVIL ACTION NO:**

**15 4894**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Jessica Baen ("Baen") and her wife Sarah Brook ("Brook") (collectively "Plaintiffs"), by their undersigned counsel, The Barrist Firm, LLC, files this Complaint against Defendants National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak") and Brandon Bostian ("Bostian") and avers the following:

## BACKGROUND

1. On May 12, 2015, Plaintiff Baen boarded Amtrak Northeast Regional Rail Train No. 188 in Washington D.C. *en route* to New York-Pennsylvania Station and her final destination: her home in Brooklyn, New York.

2. Train No. 188 was headed northbound along a series of rail lines constituting the Northeast Corridor, making multiple stops along the way.

3. Minutes after departing 30th Street Station in Philadelphia, the train accelerated and reached an unreasonable speed at or around 106 miles per hour as it approached the dangerous Frankford Junction in northeast Philadelphia.

4. The curve at Frankford Junction is one of the sharpest on the Northeast Corridor, with a posted speed limit of 50 miles per hour, which is less than half the speed the train was traveling at the time of the accident.

5. Because of, *inter alia*, the excessive speed, the reckless operation of the train, and because of Amtrak's failure to implement a Positive Train Control system – a computerized speed-limiting system that Amtrak had successfully implemented in other dangerous areas of the Northeast Corridor, among other failures – the train violently derailed.

6. At the time of the derailment, the train was traveling more than twice the permitted speed.

7. Of 238 passengers and five crew members on board, eight people were killed and more than 200 were injured. Plaintiff Baen was among the seriously injured.

8. The derailment accident marked the second on the dangerous section of tracks. A 1943 derailment in the Frankford Junction killed 79 passengers and injured 117.

9. Thus, Amtrak was on notice of the hazard.

10. Had Amtrak taken steps to protect its passengers from known dangers, and had Amtrak, through its train operator Bostian, followed the speed limit, the tragic accident would not have occurred.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 because the amount in controversy is met because Plaintiff's damages exceed $75,000 and diversity of citizenship exists.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the accident underlying the action occurred in Philadelphia County, which is within the Eastern District of Pennsylvania.

## PARTIES

13. Plaintiff Baen was a passenger on Train No. 188 at the time of the derailment and sustained serious injuries as a result of the negligent, careless, reckless and unreasonable conduct of the Defendants.

14. Plaintiff Baen is an adult resident of Brooklyn, New York.

15. Defendant Amtrak is a corporation organized and existing under the laws of the United States of America with its principal place of business at 60 Massachusetts Avenue, Washington D.C. 20002.

16. Amtrak operates the largest passenger common carrier rail network in the country, and, at all relevant times, it systematically carries out business throughout the Commonwealth of Pennsylvania and has multiple established contacts within Pennsylvania, and in Philadelphia in particular.

17. Defendant Brandon Bostian was, and is, an engineer with Amtrak who operated Train No. 188. Bostian is a resident of Queens, New York.

18. At all relevant times, Bostian was acting within the scope of his employment.

## FACTS

19. On May 12, 2015, Baen boarded Train No. 188 in Washington D.C. around 7:10 p.m. She took a seat in the Quiet Car.

20. The train made multiple stops along the way, including 30th Street Station in Philadelphia. The train departed 30th Street Station around 9 p.m., with Amtrak engineer, Defendant Brandon Bostian, at the controls.

21. Minutes after departing from 30th Street Station in Philadelphia, Bostian brought the train up to an unreasonable velocity exceeding 100 miles per hour, even as the train entered the dangerous curves of the Frankford Junction, which imposes a 50 mile per hour speed restriction on trains because of the derailment hazard caused by the sharp curve.

22. Signals and signs located along the Northeast Corridor should have alerted Bostian to the dangers and speed restrictions before he entered the dangerous section of Frankford Junction.

23. Even so, upon information and belief, Bostian was – or should have been – familiar and experienced enough with the route to know about the speed restrictions and hazards imposed by the curved section of track in the Frankford Junction.

24. Despite this, Amtrak, by and through its engineer Bostian, failed to slow the train and, upon information and belief, pulled the emergency brake seconds before the crash, slowing it from, or around, 106 miles per hour to, or around, 102 miles per hour when the train violently twisted off the rails.

25. Baen was thrown violently and lost consciousness. When she became aware of her surroundings following the derailment, she could not get her bearings at first because the car had been turned on its side. Baen had suffered, among other injuries, a concussion.

26. At first the scene was quiet and the train was still. Smoke filled the air. Baen was injured but mobile.

27. Baen climbed over twisted seats and spilled luggage and personal effects. She interacted with other passengers. One was crushed beneath her seat and said she could not breathe. A second passenger had a pelvic injury and was lying on top of another passenger. A fourth had blood spattered on his chest and face.

28. Upon information and belief, the Quiet Car where Baen sat was among the second-most heavily damaged in the derailment.

29. After some time, first responders arrived on the scene, and Baen and others were escorted out of an emergency hatch.

30. Outside of the rail line, after gaining access to the city streets, Baen was eventually directed to enter – not an ambulance – but a police vehicle with three other injured passengers for treatment at a local hospital.

31. At first, the adrenaline from the accident delayed the onset of Baen's pain and her understanding of the full extent of her injuries. At the hospital, her left ribs hurt severely, her head hurt, as did both of her hands.

32. At the hospital, Baen was directed to take a pregnancy test. Baen and her wife were planning a family, and Baen had been attempting to get pregnant for several months.

33. At the Philadelphia hospital, a pregnancy test confirmed that she was, in fact, in the early stages of a pregnancy.

34. Had Amtrak properly installed Positive Train Control ("PTC") system that is designed to slow the train and prevent accidents before they would occur, the accident would not have occurred.

35. PTC is a system of functional requirements for monitoring and controlling train movements to provide increased safety. The National Transportation Safety Board – a federal agency charged with investigating civil aviation accidents as well as railroad, highway, marine and pipeline disasters – has advocated for a system like PTC for over 45 years.

36. Nevertheless, the system has not been fully implemented in our commuter, intercity, and freight trains. As a result of Amtrak's failure, Amtrak's passengers were, and continue to be, at risk of accidents and derailments due to human error.

37. In the case of Train No. 188, the PTC system would have automatically stopped the train when Bostian failed to slow the train within the speed-restricted zone of the Frankford Junction.

38. PTC is a working technology that has been implemented throughout the Amtrak rail network.

39. PTC is affordable, feasible and effective at preventing the type of accident that occurred in this case.

40. Despite the fact that the zone of curved rail where this accident occurred was the location of one of the deadliest rail disasters in 1943, Amtrak knowingly failed to implement PTC on this dangerous zone of tracks and the surrounding area.

41. Upon information and belief, Amtrak has an automated control system and civil speed enforcement system that mechanically slows trains traveling at excessive speeds. The system is used on the southbound section of track where the accident occurred. Despite the fact that the northbound section carries the same or similar dangers, Amtrak has failed to implement this effective technology, which would have prevented the accident.

42. Any train-control systems here were ineffective.

43. Bostian ignored obvious warnings.

44. Through its agents, including its President and CEO, Amtrak has admitted it is responsible for the accident and for the injuries caused to Baen and her fellow passengers.

**INJURIES AND DAMAGES**

45. During the derailment, Plaintiff Baen was thrown violently about inside the Quiet Car.

46. As a direct and proximate result of Defendants' negligence, carelessness, recklessness and knowingly unreasonable conduct, Plaintiff Baen suffered serious, permanent and debilitating injuries including head injury, a fracture to her dominant hand, cracked ribs, concussion, post-concussive syndrome, trauma, flashbacks, contusions, abrasions, mental and emotional pain and suffering, anxiety, loss of sleep, fear of injury to her unborn child, psychological injuries, neuropsychological injuries, the full extent are unknown and which may be permanent in nature.

47. As a direct and proximate result of Defendants' negligence, carelessness, recklessness and knowingly unreasonable conduct, Plaintiff Baen has required, and continues to require, medical treatment, care, and monitoring, including medical devices, braces, medicine, diagnostic testing, possible future surgery all which will carry costs to alleviate her condition.

48. As a direct and proximate result of Defendants' negligence, carelessness, recklessness and knowingly unreasonable conduct, Plaintiff Baen has lost time from work, and she has been prevented from performing her duties, activities and tasks required by her employer, and, as a result, has suffered a loss of earning capacity.

49. As a direct and proximate result of Defendant's negligence, carelessness, recklessness and knowingly unreasonable conduct, Plaintiff Baen has suffered mental anguish, fear, loss of well being, reduced mobility, an inability to perform daily tasks – including typing which is an essential function of her job – an inability to enjoy life's pleasures, restrictions on her daily activities, lost enjoyment and company of her wife, among other tangible and intangible losses.

50. As a direct and proximate cause of Defendants' negligence, Plaintiff Sarah Brook has been deprived of the consortium, comfort, care, affection, solace, companionship and services of her wife, Plaintiff Baen, among other tangible and intangible losses.

## COUNT I

## NEGLIGENCE – JESSICA BAEN v. ALL DEFENDANTS

51. All prior averments are expressly incorporated by reference as if set forth more fully herein.

52. Amtrak owned and operated Train No. 188 at all relevant times and was responsible for the route, engineer training (including Bostian), signals, warnings, speed control and rail maintenance.

53. Amtrak is a common carrier that owes its passengers the highest duty of care to ensure their safe passage while under Amtrak's care. Amtrak was negligent due to the following:

– Failing to properly train, monitor, retrain and evaluate engineer Bostian;

– Failing to utilize PTC on northbound rails of the curved tracks where the derailment occurred, despite notice of the dangers;

– Failing to properly inspect the tracks where the derailment occurred;

– Failing to follow safety protocols recommended by the National Transportation Safety Board;

– Failing to maintain and repair Train No. 188;

– Failing to train Bostian and other personnel adequately to prevent the accident;

– Failing ensure Train No. 188 was equipped with an effective advanced civil speed enforcement system;

– Failing to follow federal and state statutes, regulations, requirements, protocols with respect to the operation and maintenance of Train No. 188 and Bostian;

– Failing to follow Amtrak policies and procedures for operating and maintaining Train No. 188;

– Failing to install and/or maintain adequate safety infrastructure, including, but not limited to, alarms, signs, warnings and devices to prevent human error, acts, omissions, and reckless conduct that threatens the lives and wellbeing of Amtrak passengers;

WHEREFORE, Plaintiffs demand on their behalf and against Defendants damages in excess of $75,000 as may be permitted under the law, including compensatory damages, non-economic damages, punitive damages, together with pre- and post-judgment interest, costs, attorneys' fees, delay damages and other such relief as this Honorable Court may deem appropriate.

## COUNT II

## PUNATIVE DAMAGES – JESSICA BAEN v. ALL DEFENDANTS

54. All prior averments are expressly incorporated by reference as if set forth more fully herein.

55. Defendant Amtrak, through its employees, including Defendant Bostian, operated Train No. 188 at the time of the accident at a speed in excess of twice the allowable speed as it entered a dangerous curve in Frankford Junction.

56. Operating the train at more than twice the allowable speed constituted a wilful, wanton, outrageous and reckless act despite the known hazards and risks, which included derailment, severe injury and death to all aboard the train.

57. Defendant Amtrak ignored the safety and design recommendations of the National Transportation Safety Board to implement PTC, despite knowing that the derailment underlying this action could have been prevented.

58. Defendant put profits over people when it failed to incorporate the NTSB safety recommendations and safety designs.

59. Defendants' wilful, wanton, outrageous and conduct caused the derailment underlying this action.

WHEREFORE, Plaintiffs demand on their behalf and against Defendants damages in excess of $75,000, as may be permitted under the law, including compensatory damages, non-economic damages, punitive damages, together with pre- and post-judgment interest, costs, attorneys' fees, delay damages and other such relief as this Honorable Court may deem appropriate.

## COUNT III

## LOSS OF CONSORTIUM – SARAH BROOK v. ALL DEFENDANTS

60. All prior averments are expressly incorporated by reference as if set forth more fully herein.

61. Plaintiff Sarah Brook was at all relevant times the wife of Plaintiff Jessica Baen and is entitled to her society, companionship and services.

62. As a direct and proximate cause of Defendants' negligence, Plaintiff Sarah Bond has been deprived of the consortium, comfort, care, affection, solace, companionship, earnings and services of her wife, Plaintiff Baen, among other tangible and intangible losses.

WHEREFORE, Plaintiffs demand on their behalf and against Defendants damages in excess of $75,000 as may be permitted under the law, including compensatory damages, non-economic damages, punitive damages, together with pre- and post-judgment interest, costs, attorneys' fees, delay damages and other such relief as this Honorable Court may deem appropriate.

**THE BARRIST FIRM, LLC**

BY: ADAM S. BARRIST, ESQ.
MATTHEW C. MONROE, ESQ
ID No.: 309758
1622 Spruce Street
Philadelphia, PA 19103

DATED: August 24, 2015

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JESSICA BAEN and SARAH BROOK (spouses)** | **CIVIL ACTION NO:** |
| Plaintiffs | **JURY TRIAL DEMANDED** |
| v. | |
| **NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK** | |
| and | |
| **BRANDON BOSTIAN** | |
| Defendants. | |

**JURY TRIAL DEMANDED**

In accordance with the Federal Rules of Civil Procedure and Local Rules, Plaintiff demands a trial by jury.

**THE BARRIST FIRM, LLC**

BY: ADAM S. BARRIST, ESQ.
MATTHEW C. MONROE, ESQ
ID No.: 309758
1622 Spruce Street
Philadelphia, PA 19103

DATED: August 24, 2015